UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MARLENE SPARKS :
: CASE NO. 1:13-CV-2733
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Docs. No. 9, 11, & 14]
UNIVERSITY HOSPITALS HEALTH :
SYSTEMS, INC. & KATHY FOLTZ, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employment racial discrimination case, Defendants University Hospitals and Kathy Foltz move the Court to dismiss Plaintiff Sparks's complaint for failure to state a claim.[1] Plaintiff opposes.[2] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I. Background**

In May 2011, Plaintiff Sparks started working at University Hospital's Ahuja Medical Center.[3] While working at Ahuja Medical Center, Sparks says that her supervisor, Defendant Foltz,

---

[1] Docs. 9, 14.
[2] Doc. 11.
[3] Doc. 1 at 2.

-1-

Case No. 1:13-CV-2733
Gwin, J.

referred to Sparks as her "best girl."[4] Sparks says that race motivated this phrase.[5] Sparks also says that another supervisor, Dr. Susan Rapheal, asked questions about whether the father of Sparks's child was involved with her child's upbringing. She says this questioning was based on stereotypes about African-American males.[6]

Sparks says that she reported both of these incidents to Defendant University Hospitals's Human Resources Department.[7] She says that University Hospitals never addressed her complaints.[8] Sparks says that Defendant Foltz then gave her three pretextual corrective actions and ultimately fired Sparks.[9]

On December 11, 2013, Plaintiff Sparks filed a complaint bringing eight claims: (1) federal race discrimination under 42 U.S.C. § 2000e-2; (2) race discrimination under O.R.C. §411.02(A); (3) unlawful retaliation under 42 U.S.C. § 2000e-2; (4) retaliatory discharge under O.R.C. §411.02; (5) wrongful termination under O.R.C. §411.02; (6) retaliatory discharge in violation of the Family and Medical Leave Act; (7) wrongful termination in violation of public policy; and (8) intentional infliction of emotional distress.[10]

On January 17, 2014, Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts V, VII, and VIII. Defendant says these claims fail to state a claim.[11] Plaintiff

---

[4] *Id.* at 2-3.
[5] *Id.*
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3-5.
[10] Doc. 1.
[11] Docs. 9, 14.

Case No. 1:13-CV-2733
Gwin, J.

opposes.[12] The motion is ripe for decision.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[13] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[14]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[15] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[16]

## III. Analysis

**A.    Count V - Wrongful Termination Based on Racial Discrimination**

Defendants say that the Court should dismiss the Count V wrongful termination claim that Plaintiff Sparks brings because it is redundant with the Counts II and IV claims. This argument loses.

Although Counts II, IV, and V are related – based on the same nucleus of facts and brought under the same law – they do not make the same claim. In Count II, Plaintiff Sparks says that

---

[12] Doc. 11.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[14] *Id.*
[15] Fed. R. Civ. P. 8(a)(2).
[16] *Iqbal,* 556 U.S. at 678–79. (citations omitted).

-3-

Case No. 1:13-CV-2733
Gwin, J.

Defendant discriminated against her while she was working. In Count IV, Sparks says that Defendants fired to retaliate after she complained about arguably discriminatory treatment. In Count V, Plaintiff Sparks says that Defendants terminated her because of her race. These are distinct. Therefore, the Court denies Defendants' motion to dismiss Count V.

**B.      Count VII - Wrongful Termination in Violation of Public Policy**

Defendants say that Plaintiff Sparks cannot bring a claim for wrongful termination in violation of public policy.

The Court agrees. "[I]f existing law already provides remedies to vindicate the public policy at issue, a plaintiff may not maintain a common-law wrongful discharge claim."[17] The only public policy that Plaintiff says applies in this case is the public policy against racial discrimination.[18] Ohio Revised Code Chapter 4112 provide adequate remedies to protect the public policy against racial discrimination. Therefore, Sparks may not bring a common-law claim of wrongful termination based on a violation of the public policy against racial discrimination.

**C.      Count VIII - Intentional Infliction of Emotional Distress**

Defendants say that Plaintiff Sparks's Complaint does not adequately plead a claim for intentional infliction of emotional distress.[19]

The Court agrees. To state a claim for intentional infliction of emotional distress, a plaintiff must allege that: "(1) the defendant[ ] intended to cause the plaintiff [ ] serious emotional distress; (2) the defendant['s] conduct was extreme and outrageous; and (3) the defendant['s] conduct was the

---

[17] *Grair v. Ohio Bell Telephone Co.*, No. 1:09–cv–01516, 2009 WL 2762359, at *2 (N.D.Ohio Aug.28, 2009) (citing *Leninger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311, 875 N.E.2d 36, 42 (Ohio 2007) ).
[18] Doc. 1 at 8-9.
[19] *Id.* at 9.

Case No. 1:13-CV-2733
Gwin, J.

proximate cause of the plaintiff['s] distress."[20] The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[21] "[A]n employee's termination, even if based upon discrimination, does not rise to the level of extreme and outrageous conduct without proof of something more."[22] Severe emotional distress exists only where "a reasonable person, normally constituted, would be unable to cope adequately with a mental distress engendered by the circumstances of the case."[23]

Here, Plaintiff does not adequately pled an intentional infliction of emotional distress claim.

First, Sparks does not allege facts supporting her bare assertion that she suffered "serious emotional distress" as a result of her discharge.[24]  Second, Sparks does not allege any additional extreme and outrageous conduct on the part of the Defendants and it is well-established that wrongful termination of employment alone does not constitute "extreme and outrageous conduct" without an allegation of "something more."[25]

Thus, since the Plaintiff Spark's pleadings fail to allege serious emotional distress and fails to allege severe to constitute extreme or outrageous conduct, the Court dismisses this claim.

---

[20] *Long v. Ford Motor Co.*, 193 F. App'x 497, 502–03 (6th Cir.2006) (citing *Phung v. Waste Mgmt.*, 71 Ohio St.3d 408, 644 N.E.2d 286, 289 (Ohio 1994).

[21] *Long*, 193 F. App'x at 502-03 (quoting *Yeager v. Local Union 20, Teamsters*, 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (Ohio 1983)).

[22] *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir.1999).

[23] *Smith v. Ameriflora 1992, Inc.*, 96 Ohio App.3d 179, 644 N.E.2d 1038, 1044 (Ohio App. Ct. 1994).

[24] *See Roe v. Franklin Cnty.*, 109 Ohio App.3d 772, 673 N.E.2d 172, 180 (Ohio App. Ct.1996) (dismissing intentional infliction of emotional distress claim due to plaintiff's failure to allege debilitating or severe emotional distress); *Dobrski v. Ford Motor Co.*, 698 F.Supp.2d 966, 987-90 (N.D. Ohio 2010) (same).

[25] *Godfredson*, 173 F.3d at 376.

Case No. 1:13-CV-2733
Gwin, J.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: February 25, 2014                           s/      *James S. Gwin*
                                                                                    JAMES S. GWIN
                                                                                    UNITED STATES DISTRICT JUDGE